**RECEIVED**

## UNITED STATES DISTRICT COURT

JAN 3 1 2006

### NORTHERN DISTRICT OF ILLINOIS

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

### EASTERN DIVISION

Chase Home Finance, LLC successor by merger to Chase
Manhattan Mortgage Corporation/Codilis & Associates, P.C. /
Judge Lewis M. Nixon

Plaintiff

**06C 0559**

**JUDGE SHADUR**

v.

Torrez Moore
Fredericka Moore

**MAGISTRATE JUDGE SCHENKIER**

Defendant

## COMPLAINT NOTICE OF REMOVE
## FROM STATE COURT

COMES NOW the Accused, Torrez and Fredericka Moore, In Propria Persona appearing specially and not generally of voluntarily herein, to demand all rights under the common law based upon the status of the Accused as a matter of due process of law and to determine what legal rights the Accused has in this court and what rights will be denied, if any, to enable the Accused to determine what jurisdiction the State of Illinois is attempting to apply to this person as: "No change in ancient procedure can be made which disrupts those fundamental principles... which...protect the citizen in his private right and guard him against the arbitrary action of the government." Ex Parte Young, 209 US 123. When summoned into any court, the first thing a party must do is analyze and identify the nature of the charges, jurisdiction of the court, and the status of the Accused, to determine if the Court are obviously proceeding based upon Civil Law statutes, and therefore, are using an Admiralty/Maritime/Equity jurisdiction to proceed rather than the principles and modes of the common law. (See Davison v. New Orleans, 96 U.S. 97; Dartmouth College Case, 4 Wheat 518) Facts supporting this conclusion are:

### I JURISDICTION

The Accused recognizes that when jurisdiction is not squarely challenged it is presumed to exist (Burks v. Lasker, 441 US 471). This includes supposed duties, liabilities, and sanctions --- attached by way of statutes --- for violations of said duties (U.S. v. Grimaud, 220 US 506). In this Court there is no meaningful opportunity to challenge jurisdiction, as the Court merely proceeds summarily. However, once jurisdiction has been challenged

in the courts, it becomes the responsibility of the Plaintiff to assert and prove said jurisdiction (Hagans v. Lavine, 415 US 533, note 5), as mere good faith assertions of power and authority (jurisdiction) have been abolished. (Owens v. City of Independence, 100 SCt. 1398, 1980).

The Defendant further contends that at no time has he set foot outside of the common law jurisdiction of the State. It is not known where or when the State could have gained a claim upon the Defendant's activities or property, and could thereby subject him to a jurisdiction based on regulatory law. In other words, how could this Defendant become affected with a public interest? The equity nature of this case is perhaps fitting and proper for juristic or artificial persons, for requiring them to perform duties prescribed by statute, and inflicting punishments by fines, etc., for violations of the laws. But the entire case fails to support a conviction of the citizen for all the reasons mentioned. The right to due process is demanded. Due process of law is not necessarily satisfied by any process, which the legislature may prescribe. See (Abrams v. Jones 35 Idaho 532, 207 P. 724. "No change in ancient procedure can be made which disrupts those fundamental principles ... which ... protect the citizen in his private right and guard him against the arbitrary action of the government." Ex Parte Young 209 US 123. As shown above, the process in the Chancery Division Court is less than due process, to which the Defendant's is entitled. This is a matter of jurisdiction. Asserted as a matter of right, is a demurrer to this action, for the purpose of inquiring of the Court as to the nature of this case, the purpose of constraining need which the state finds as a cause of action in this case. The jurisdiction established by the legislature for this kind of case is in question as concerns this person's rights. If it could be shown that this Defendant is indeed within the statute, then the jurisdiction may be proper to hear and decide the issues and merits. The present Pleading by the Plaintiff is insufficient to grant jurisdiction to the Court. If indeed the nature of this case is equity, then it must be shown that the Defendant has voluntarily entered the jurisdiction, for equity is voluntary, not compulsory. The crime alleged here are not the injury of life, liberty or property, but the infraction of a commercial code, which action is handled in a criminal form of action. Several things stand in the way of conviction. The insufficiencies of the "complaint", the breakdown of service, the vagueness of Title 49, the rights of the Freeman; all are issues which cry out for judicial determination, before a conviction can be had.

## II DUE PROCESS OF LAW

Defendants rely on the 5th and 6th Amendments to the United State Constitution:

Amendment V: No person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment of indictment of a Grand Jury, except in cases arising in the land of naval forces, or in the Militia, when in actual service in time of War of public danger; nor shall any person be subject for the same offense to be twice put in jeopardy of life or limb; nor shall be compelled in any criminal case to be witness against himself, nor be deprived of life, liberty, or property, without due process of law; nor shall private property be taken for public use, without just compensation.

Amendment VI: In all criminal prosecution, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State and district wherein the crime shall have been committed, which district shall have been previously ascertained by law, and to be informed of the nature and cause of the accusation; to be confronted with the witnesses against him; to have compulsory process for obtaining witnesses in his favor, and to have the assistance of Counsel for his defense.

Defendant affirms that it is a fact that the record shows no specific findings, on facts of necessary elements to establish subject matter jurisdiction for the record. Defendant affirms that only allegations have been made of subject matter jurisdiction, orally and in a Draft Order/Judgment. The Supreme Court has ruled that "Because a court does not acquire jurisdiction by a mere recital contrary to what is shown in the record; the record of the case is the determination factor as to whether a court has jurisdiction, (Zook v. Spannaus, 34 Ill. 2d 612, 217 N.E.2d 789 (1966). A judge's allegation that he has subject-matter jurisdiction is only an allegation, (Lombard v. Elmore, 134 Ill. App.3d 898, 480 N.E.2d 1329 (1st Dist. 1985). It is elementary that the jurisdiction of the court over the subject matter of the action is the most critical aspect of the court's authority to act. Without it the court lacks any power to proceed: therefore, a defense based upon this lack cannot be waived and may be asserted at any time, Matter of Green 313 S.E. 2d 193, 195(N.C. App. 1984). Once jurisdiction is challenged it is ceased to exist and must be proven for the record before the parties of asserting jurisdiction may continue to do so.

    **(A)** <u>**PROOF OF JURISDICTION MUST APPEAR ON THEIR RECORD.**</u> (Hagans v. Lavin, 415 U.S. 533)

    **(B)** <u>**THE RECORD ESTABLISHES THE JURISDICTION OF THE TRIBUNAL.**</u> (Lowe v. Alexander 15 C. 2965 People v. Board of Delegates of S.F. Dept. 14 C 79)

    **(C)** <u>**IF ANY TRIBUNAL (COURT) FINDS ABSENCE OF PROOF OF JURISDICTION OVER PERSON AND SUBJECT, THE CASE MUST BE DISMISSED.**</u> (Louisville RR v. Motley 211 U.S. 149, 29 S. ct. 42).

Defendant states: That a judgment against us would prejudice us and deny due process of law.

### <u>BRIEFS IN SUPPORT</u>

We the Defendant's Torrez and Fredericka Moore, state that, the taking of a property at, 4711 S. Ingleside Unit B Chicago Illinois, is being attempted through a non-judicial process by the Plaintiff's Chase Home finance, LLC successor by merger to Chase Manhattan Mortgage Corporation, Codilis & Associates, P.C. Attorneys for Plaintiff 15W030 North Frontage Road, Suite 100 Burr Ridge, IL 60527, Judge Lewis M. Nixon, In the Circuit Court of Cook County, Illinois County Department- Chancery Division that

is being attempted though a commercial process. However, the commercial process used in this taking is a defective process for the followings reasons above; therefore the Accused respectfully request that Case No. 05 CH 08783, filed in The Circuit Court of Cook County, Illinois County Department – Chancery Division, be Filed in the United States District Court, Northern District of Illinois Eastern Division and that our Motion to Vacate Void Judgment and Orders be entered into evidence and attached as exhibit to complaint.

The Court should not allow the proceedings to move forward with an agent of the judiciary who is falsely representing the State in the criminal action against a Natural Person before the Bar.

## CERTIFICATION

The undersigned certifies that the statements set forth in the above and foregoing is true and correct to the best of our knowledge and that we are competent and affirm that the statements within this instrument are well grounded in fact and warranted by existing law.

Further Defendant Sayth Not.

Sign: _____

Torrez Moore            Fredericka Moore

"All Rights Reserved Without Prejudice UCC 1-207"

## ACKNOWLEDGEMENT

SUBCRIBED TO AND SWORN before me this _31_ day of _January_, A.D. 2006, a Notary, that _____, personally appeared and known to me to be the man and woman whose name subscribed to the within instrument and acknowledged to be the same.

OFFICIAL SEAL
NOVELLA FELTON
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES:03-04-07            (Seal)

Notary Public in and for said State.

My Commission expires; _____

Calendar Number 53

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT - CHANCERY DIVISION

Chase Home Finance, LLC successor by merger to Chase
Manhattan Mortgage Corporation
PLAINTIFF

Vs.

Fredericka Anthony a/k/a Fredericka Anthony Moore
a/k/a Fredcricka Anth Moore; et. al.
DEFENDANTS

No. 05 C 08783



FILED
CH-2802
JAN 0 4 2006
DOROTHY BROWN
CLERK OF THE CIRCUIT COURT
OF COOK COUNTY, IL

## PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S PLEADINGS

Now Comes Plaintiff, Chase Home Finance, LLC successor by merger to Chase Manhattan Mortgage Corporation, by and through its attorneys, Codilis & Associates, P.C., and in support of its Motion to Strike Defendant's Pleadings, states as follows:

Now comes Plaintiff, Chase Home Finance, LLC successor by merger to Chase Manhattan Mortgage Corporation, by and through its attorneys, Codilis & Associates, P.C., and in Reply to Defendants' Response to Plaintiff's Motion for Summary Judgment states as follows:

### FACTS

1. Plaintiff filed its Complaint to Foreclose Mortgage on May 23, 2005.

2. Defendants caused to be filed herein "Affidavit of Interrogatories on Plaintiff Chase Manhattan" and "Affidavit of Complaint to Foreclose Mortgage by Plaintiff Chase Manhattan"

3. On September 7, 2005, on Motion of Plaintiff, Defendants' "Affidavit of Interrogatories on Plaintiff Chase Manhattan" and "Affidavit of Complaint to Foreclose Mortgage by Plaintiff Chase Manhattan" were stricken and held for naught and of no force and effect.

4. On September 7, 2005, Fredericka Anthony Moore and Torrez Moore were granted until October 5, 2005 to file an appearance and answer in this matter and Plaintiff's motions were entered and continued to October 12, 2005.

5. On October 12, 2005 Counsel for Plaintiff and defendant Torrez Moore appeared before this Court. Defendants filed a "Notice of Opposition for Motion for Foreclosure" on September 6, 2005, which was presented to the court on October 12, 2005. This court indicated that it would consider Defendant's "Notice of Opposition for Motion for Foreclosure" as Defendants' Answer to Plaintiff's Complaint.

6. Subsequently, on or about October 19, 2005, Defendants forwarded to Plaintiff's counsel a "Motion to Contest Jurisdiction" which had been filed on September 23, 2005. Plaintiff's counsel elected to address this pleading, which was filed without leave of court, as Defendant's Response to Plaintiff's Motion for Summary Judgment and prepared Plaintiff's Reply thereto.

7. On November 9, 2005, based on the pleadings, this Court entered Summary Judgment in favor of the Plaintiff and Judgment of Foreclosure.

8. On November 28, 2005 Defendant(s) filed a document styled as "Motion to Vacate Void Judgment and Orders," a true and correct copy of which is attached hereto as Exhibit "A."

## ARGUMENT

Defendants' "Motion to Vacate Void Judgment and Orders" fails to inform Plaintiff, or this Court, of any basis in law or fact on which to vacate the November 9, 2005 Summary Judgment Order and Judgment of Foreclosure. Defendants' Motion fails to comply with 735 ILCS 5/2-1301 or 735 ILCS 5/2-1401.

Defendants' Motion, once again, consists of incoherent passages[1] and nonsensical statements[2] unsupported either by fact or law. In fact, Defendants' Motion appears to Plaintiff's counsel to be the product of computer software designed to randomly generate text with legal-sounding jargon, but having no relationship to a foreclosure matter.[3]

Accordingly, Plaintiff submits that Summary Judgment and Judgment of Foreclosure was properly granted in its favor on November 9, 2005 and against Defendant Fredericka Anthony a/k/a Fredericka Anthony Moore a/k/a Fredericka Anth Moore and Torrez Moore.

WHEREFORE, Plaintiff respectfully requests the following relief:

1. That Defendants' "Motion to Vacate Void Judgment and Orders" filed November 28, 2005 be stricken from the record and held for naught;

2. A finding that the November 9, 2005, Summary Judgment in favor of the Plaintiff and Judgment of Foreclosure are final and appealable orders pursuant to SCR 304(a); and

3. For any further relief this Honorable Court deems equitable and just.

Respectfully submitted,

By:_____
Codilis & Associates, P.C.,
One of Its Attorneys

---

[1] E.g., at page 2: "5. THAT Affiant at no time has requested willingly, knowingly, intentionally, or voluntarily agree to subordinate their position as creditor [sic], through signature, of words, action or inaction's;".

[2] E.g., at page 4: "21. THAT Affiant is **NATURAL BORN** of the **UNITED OF SEVERAL** [sic] **STATES** being declared **Sovereign** and not under the Jurisdiction of the territorial **(DISTRICT) of COLUMBIA UNITED STATES**, which operates under absolute "Military Admiralty and Maritime Law according to U.C. Code, itle 18§ 7, Admiralty Jurisdiction."

[3] E.g., page 5: "5. When a Lien or a Distress Bond is issued it must be immediately followed by serving at least a Notice of Lien or Notice of Distress upon the Lien debtor or Distress Defendant, respectively, and preferably, a full copy of the Lien or Bonded Distress should be served upon the Lien Debtor or Distress Defendant." Also, page 2: "14. That the lack of response on the Respondent part is a fault, UCC 1-201(16) exists creating fraud through material misrepresentation, which vitiate all forms, contracts, agreements etc., expressed or implied, from the beginning, **UCC 3-103**. Your presentments are fraudulent and unconscionable UCC 1-302 and are discharged, UCC 3-601 (a) without resort to a commercial tribunal.

CODILIS & ASSOCIATES, P.C.
Attorneys for Plaintiff
15W030 North Frontage Road, Suite 100
Burr Ridge, IL 60527
(630) 794-5300
Cook #21762
ARDC #00468002
14-05-5336

**NOTE: PURSUANT TO THE FAIR DEBT COLLECTION PRACTICES ACT YOU ARE ADVISED THAT THIS LAW FIRM IS DEEMED TO BE A DEBT COLLECTOR ATTEMPTING TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.**

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
### COUNTY DEPARTMENT – CHANCERY DIVISION

Chase Home Finance, LLC successor by
Merger to Chase Manhattan Mortgage Corporation
**PLAINTIFF**

**No. 05 CH 08783**

Vs.

Torrez & Fredericka Anthony Moore
**DEFENDANTS**

DATE: Nov.3, 2005

*Motions For*

## TO VACATE VOID JUDGEMENT AND ORDERS

State of Illinois     )
                      )  ss
Cook County           )

## NOTICE TO AGENT IS NOTICE TO PRINCIPAL
## NOTICE TO PRINCIPAL IS NOTICE TO AGENT

COMES NOW, Torrez and Fredericka Moore, a Family in the exercise of rights of due process of law and equal protection under the law pursuant to the 5th Amendment and 14th Amendment to the Constitution, untrained in the law, unfamiliar with local rules, without assistance appropriate, to this exercise, not self-represented, and in our natural state, in our right state of mind, and in support of our **AFFIDAVIT OF NOTICE OF DEFAULT**, in case No. 05 CH 08783 In the Circuit Court of Cook County, Illinois County Department – Chancery Division to plaintiff Chase Home Finance, LLC successor by merger to Chase Manhattan Mortgage Corporation.

We, Torrez and Fredericka Moore, herein "Affiant", having been duly sworn, declares that by affidavit that of the non-response of the Respondents/parties to the contract entitled, CONDITIONAL ACCEPTANCE FOR VALUE FOR PROOF OF CLAIM (CAFV), hereinafter, are in full agreement regarding the following:

1. THAT Affiant is competent to state the matters included in this declaration has Knowledge of the facts, and declared that to the best of our knowledge, the statements made in our affidavit are true, correct, and not meant to mislead'

2. THAT Affiant is the secured party, superior claimant, holder in due course, and principal creditor having a registered priority lien hold interest to all property held in the name of **FREDERICKA ANTHONY MOORE and TORREZ MOORE**, evidence by UCC-1 Financing Statement # 10344697 filed with the Secretary of State of Illinois.

3. THAT Plaintiff, is herein addressed in his private capacity, but in his public capacity as agent or a citizen and resident of the State of Illinois and is participating in a commercial enterprise with his co-business partners, including but not limited to Chase Home Finance, LLC successor by merger to Chase Manhattan Mortgage Corporation, hereinafter collectively referred to as "Respondent".

4. THAT the governing law of the private contract is the agreement of the parties supported by the Law Merchant and applicable maxims of law;

5. THAT Affiant at no time has requested willingly, knowingly, intentionally, or voluntarily agree to subordinate their position as creditor, through signature, of words, action, or inaction's;

6. THAT Affiant at no time has requested or accepted extraordinary benefits or privileges from the Respondent, the United States, or any subdivision thereof;

7. THAT Affiant is not a party to a valid contract with Respondent that requires Affiant to perform in any manner, including but not limited to the payment of money to Respondent;

8. THAT on or about May 18, 2005, the Affiant received from Codilis & Associated, P.C. Law Offices 15W030 North Frontage Road Suite 10, Burr Ridge, Illinois, **A NOTICE PURSUANT TO FAIR DEBT COLLECTION PRACTICES ACT,** with reference to Mortgage Arrearage Chase Home Finance LLC, Loan #1507383034, File 14-05-5336 stating that a debt was owe in the amount of $37,779.01 plus late charges, and other charges that may vary from day to day the amount due on the day we pay may be greater, and that Federal law gives 30 days after to dispute.

9. THAT on or about June 1, 2005, a certified letter was sent by Affiant to Codilis & Associates in good faith,

10. THAT on or about June 20, the Affiant received from Codilis & Associates, P.C. copies of the mortgage note, payment histories and reinstatement and pay off quotes, all copies, no originals, nothing stating, showing or any evidence of proof to verify and establish a want of consideration.

11. THAT on or about June 24, 2005, Affiant received from Respondent; a **MORTGAGE FORECLOSURE ALIAS SUMMONS** notarized by a **SEAL,** and name stamp Dorothy Brown, no signature, at which time Affiant was summoned and required to file an answer to the complaint in the office of the Clerk of this Court Room 802 of the Richard J. Daley Center, 50 W. Washington Street, Chicago, Illinois 60602.

12. THAT on or about June 24, 2005, the Affiant also received a attached, **COMPLAINT TO FORECLOSURE MORTGAGE,** stamp; **FILED** – 2 dated- 2005 May 23 PM 12:42, **CIRCUIT COURT OF COOK COUNTY, ILLINOIS CHANCERY DIV. DOROTHY BROWN CLERK,** no signature, stating (2) Attached as "**EXHIBIT A**" is a true copy of the Mortgage. Attached, as "**EXHIBIT B**" is a true copy of the note. Attached, as "**EXHIBIT C**" is a true copy of the assignment. **ALL THREE "EXHIBIT"** are copies not originals.

13. THAT on or about July 19, 2005, Affiant, filed in the **CIRCUIT COURT OF COOK COUNTY, ILLINOIS CHANCERY-DIV.** And by certified mail an **AFFIDAVIT OF INTERROGATORIES ON PLAINTIFF CHASE MANHATTAN MORTGAGE CORPORATION,** Respondent has not replied, by filing in the **CIRCUIT COURT OF COOK COUNTY, ILLINOIS** or by **CERTIFIED MAIL** to Affiant address as of this day.

14. THAT the lack of response on the Respondent part is a fault, UCC **1-201(16)** exists creating fraud thought material misrepresentation, which vitiate all forms, contracts, agreements etc., expressed of implied, from the beginning, **UCC 3-103.** Your presentments are fraudulent and unconscionable **UCC 1-302** and are discharged, **UCC 3-601** (a) without resort to a commercial tribunal.

15. THAT Affiant filed in the **CIRCUIT COURT OF COOK COUNTY, ILLINOIS COUNTY DEPARTMANT-CHANCERY DIVISON, a NOTICE OF OPPOSITION FOR MOTION FOR FORECLOSURE, FILED-4** dated 2005 **SEPT –6 AM 8:52,** stating the loan agreement was fraudulent under **ARTICLE 1 SECTION 10 OF THE UNITED STATES CONSTITUTION,** which we have not received a reply. UCC §3-505 (2) states: If the presenter fails to comply within a reasonable time with proper demands authorized by Code §3-505 his presentment is thus "invalidated" or nullified as though it had never been made. If the presentment is thus invalidated the instrument is not dishonored.

16. THAT on Sept 7, 2005, Affiant appeared before the Honorable Lewis M. Nixon, by special appearance, at which time the Affiant, challenge the Jurisdiction of the court over the subject matter at which time, the Affiant challenge the jurisdiction orally and it was hereby denied, Affiant discoveries labeled Affidavit of Interrogatories on Respondent, were of no effect, also Affidavit of complaint to mortgage foreclosure, was denied.

17. THAT Affiant had not file proper documents to substantiate on the record, that enforce Respondent to prove subject matter jurisdiction, Affiant receive time from the Honorable Lewis M. Nixon to file an appearance and to answer or otherwise plead to the complaint,

18. THAT on Sept 26, 2005 10:01am a **APPEARANCE AND JURY DEMAND** was file in the **CIRCUIT COURT OF COOK COUNTY, ILLINOIS,** a motion to contest jurisdiction was enter and required the Respondent to act in accordance with law and provide the specific findings and necessary facts and elements to establish subject matter jurisdiction and set forth competent and uncontroversial evidence of subject matter jurisdiction for the record.

19. THAT Affiant affirms that it is a fact that the record shows no specific findings, no facts or necessary elements to establish subject matter jurisdiction for the record. Affiant affirms that only allegation has been made of subject matter jurisdiction, orally and in a **Draft Orders/Judgment**. The Supreme Court has ruled that "Because a court does not acquire jurisdiction by a mere recital contrary to what is shown in the record; the record of the case is the determination factor as to whether a court has jurisdiction, (Zook v. Spannaus, 34 Ill. 2d 612, 217 N.E.2d 789 (1966). A judge's allegation that he has subject-matter jurisdiction is only an allegation, (Lombard v. Elmore, 134 Ill. App.3d 898, 480 N.E.2d 1329 (1st Dist. 1985). It is elementary that the jurisdiction of the court over the subject matter of the action is the most critical aspect of the court's authority to act. Without it the court lacks any power to proceed: therefore, a defense based upon this lack cannot be waived and may be asserted at any time, Matter of Green 313 S.E. 2d 193, 195(N.C. App. 1984). Once jurisdiction is challenged it is ceased to exit and must be proven for the record before the parties of asserting jurisdiction may continue to do so.

    (A) <u>**PROOF OF JURISDICTION MUST APPEAR ON THEIR RECORD.**</u> (Hagans v. Lavin, 415 U.S. 533)

    (B) <u>**THE RECORD ESTABLISHES THE JURISDICTION OF THE TRIBUNAL.**</u> (Lowe v. Alexander 15 C. 2965 People v. Board of Delegates of S.F. Dept. 14 C 79)

**(C) IF ANY TRIBUNAL (COURT) FINDS ABSENCE OF
PROOF OF JURISDICTION OVER PERSON AND
SUBJECT, THE CASE MUST BE DISMISSED.**
(Louisville RR v. Motley 211 U.S. 149, 29 S. ct. 42)

20. THAT a judgment against me would prejudice me and deny due process of law.

21. THAT Affiant is **NATURAL BORN** of the **UNITED OF SEVERAL STATES** being declared **Sovereign** and not under the Jurisdiction of the territorial **(DISTRICT)** of **COLUMBIA UNITED STATES,** which operates under absolute "Military Admiralty and Maritime Law according to U. S. Code, Title 18§ 7, Admiralty Jurisdiction.

I am the Secured Party authorized to speak for and respond on behalf of Torrez and Fredericka Moore, a Collection Agent Codilis and Associates is attempting to take Property in which I have an interest.

The taking of said property is being attempted through a non-judicial process, that is being attempted through a commercial process. However, the commercial process used in this taking is a defective process for the following reasons.

Codilis and Associates process requires a signed assessment be issued in affidavit form, sworn to be true, correct and complete, on/with positive identification of the Affiant (Agency employee or agent) under 26 CFR 301 6203-1, IRM 3(17)(14)(4-1-96) and Revenue and Taxation Code 19522 (Conformity Clause);

As the Secured Party, I have never signed a assessment in Affidavit Form, sworn to be true, correct and complete on/with positive identification of the Affidavit (Agency employee or agent);

1. The (Agency) is required by law to provide me with a true bill sworn to be true, correct and complete, on/with positive identification of the Affiant (Agency employee or agent);

2. I have never received any such true bill sworn to be true, correct and complete on/with positive identification of the Affiant (Agency employee or agent);

3. If such an assessment existed, supported by affidavit and true bill on/with positive identification, and I had not paid that bill, then the creditor, be it the United States Government, Federal Reserve Bank, IRS, or FTB, or private entity would have the power to issue two processes: Namely,

   a. A distress which has the Instantaneous effect of a Lis Pendens Lien in Commerce, suspending property in third party custody of a bank, Sheriff, etc., until some certain specific performance is satisfied and/or
   b. A lien which has the effect of seizing property in three (3) months, ninety (90 days) upon failure to rebut the affidavit of the claim.

The Commercial grace of Distress is guaranteed by the attachment of an Indemnity Bond known as a Bond on Distress or a Distress Bond, whereas the Commercial grace of a Lien exists in the three (3) months, ninety (90 days) delay of the Execution process, allowing a verbal or written combat period. Furthermore, both a Lien and a Distress must be in the form of an affidavit sworn to be true, correct and complete, on/with positive identification of the Affiant (Agency employee or agent).

4. I have received neither a Lien nor a Bonded Distress. (Both of which would have had to be supported by affidavits and true bills as described in parts 1 through 4 above);

5. When a Lien or a Distress Bond is issued it must be immediately followed by serving at least a Notice of Lien or Notice of Distress upon the Lien debtor or Distress Defendant, respectively, and preferably, a full copy of the Lien or Bonded Distress should be served upon the Lien Debtor or Distress Defendant.

6. Since no Affidavit, True Bill, Lien or Distress exists in this taking, it is impossible for a lawful Notice to exist stating where either the Lien or Distress can be found, studied and copied.

7. An instruction to commercially seize, known as a Levy, being a Fourth Amendment, United States Constitution instrument, is essentially a Commercial Warrant on Probable Cause, hence must be supported by Commercial Affidavit, a Commercial True Bill, A commercial Lien or Distress, and proof of Commercial Notice. All of these must be provided. If a Distress is used, and Indemnification Bond must also accompany this collection of instruments in order for the Levy or Withholding Order to be empowered in Commerce so that it may be used at some future time to justify and Execution Sale or Transfer through a Commercially Legitimate Auction;

8. No Notice to attach or take can be presented in this taking because ALL of the supporting Commercial processes are lacking; and

9. The first defect in this taking is the lack of a Commercial Assessment described in parts 1, and 2 above. A taking or legal case stops at its first defect.

Therefore, this matter never really was initiated; it does not exit in Commerce. So every action initiated so far in this taking is reversible error.

**THEREFORE, DEMAND** is hereby made upon:

**Codilis & Associates, P.C.**

For a copy of the Affidavit, True Bill and Distress Bond or Bond on Distress that must accompany any "Notice of Levy" or "Earnings Withholding Order" served upon **Codilis & Associates, P.C.** as a third party. This includes all Notices of Levy or Earning Withholding Orders naming (**Chase Home Finance, LLC**) that you have received. There is no statue of limitation when **FRAUD** is involved.

Said documents are to be provided to:

                             **Torrez Moore**

c/o   **4711 S. Ingleside, Suite B**

           **Chicago, IL 60615**

**IF YOU ARE UNALBE TO PRODUCE SAID DOCUMENT(S) BECAUSE THE ISSUING AGENCY DID NOT PRESENT THEM TO YOU, THEN UNDER LAW, YOU ARE REQUIRED TO RETURN THE DEFECTIVE NOTICE TO THEM AND DEMAND SAID DOCUMENT(S) FROM THEM. YOU ARE NOT OBLIGATE TO ANY FURTHER COMPLIANCE UNTIL THE ISSUING AGENCY HAS PROVIDED THE AFFIDAVIT AND TRUE BILL AS REQUIRED BY LAW. YOU HAVE TEN (10) DAYS WITH WHICH TO COMPLY, FROM RECEIPT OF THIS LAW. YOU HAVE TEN (10) DAYS WITH WHICH TO COMPLY, FROM RECEIPT OF THIS DOCUMENT, UCC 1-204, UNLESS YOU REQUEST AN EXTENSION OF TIME.**

A lack of response on your part means a fault, UCC 1-201(16), exists creating fraud through material mispresentation, UCC 1-103. If you fail to comply or respond in the prescribed time this matter will be immediately filed with the Federal Court of Claims.
**ALL RIGHTS RESERVED WITHOUT PREJUDICE, UCC 1-207.**

Date: _Nov 22, 2005_                       _Tony Moore  Fredericka Moore_
                                                 Signed

## AFFIDAVIT OF NOTICE OF DEFAULT

State of Illinois    )
                  ) ss
Cook County    )


I, **Torrez and Fredericka Moore,** herein "Affiant," having been duly sworn, declares that by affidavit that the non-response of the Respondents/parties to the contract entitled, **CONDITIONAL ACCEPTANCE FOR VALUE FOR PROOF OF CLAIM (CAFV),** hereinafter, are in full agreement regarding the following:

1.  THAT Affiant is competent to state the matters included in his/her declaration, has knowledge of the facts, and declared that to the best of his/her knowledge, the statements made in his/her affidavit are true, correct and not meant to mislead;

2.  THAT Affiant is the secured party, superior claimant, holder in due course, and principal creditor having a registered priority lien hold interest to all property held in the name of **Debtor, TORREZ MOORE,** evidenced by **UCC-1 Financing Statement # 10344697** filed with the Secretary of State of the State of Illinois.

3.  THAT Respondent, **05 CH 08783,** is herein addressed in his private capacity, but in his public capacity as director, agent, Governor, or a citizen and resident of the State of Illinois and is participating in a commercial enterprise with his co-business partners (or employees), including but not limited to **Chase Home Finance, LLC successor by Merger to Chase Manhattan Mortgage Corporation,** hereinafter collectively referred to as "respondent";

4.  THAT the governing law of this private contract is the agreement of the parties supported by the Law Merchant and applicable maxims of law;

5.  THAT Affiant at not time has willingly, knowingly, intentionally, or voluntarily agreed to subordinate their position as creditor, through signature, or words, actions, or inaction's;

6.  THAT Affiant at no time has requested or accepted extraordinary benefits or privileges from the Respondent, the United States, or nay subdivision thereof,

7.  THAT Affiant is not a party to a valid contract with Respondent that requires Affiant to perform in any manner, including but not limited to the payment of money to Respondent;

8. THAT on September 22, 2002, Affiant sent a **CONDITIONAL ACCEPTANCE FOR VALUE FOR PROOF OF CLAIM** (document for discovery) to the Respondent requesting proof of claim as to the loan contract # **1507383034** (or whatever the purpose was of the CAFV) in regards to proof of what was loaned, bank money or bank credit (or whatever), and other various proofs of claim to support a valid lawful contract.

9. THAT Respondent had **10 (or 7 or 3 depending upon circumstances and time)** days to respond with proof of claim, point for point, however, elected to remain silent or otherwise refused to provide said proof of claim(s) and therefore, has failed to state a claim upon which relief can be granted and has agreed and stipulated to the facts and agreed that the undersigned Secured Party can only discharge said debt via the remedy provided by Congress via HJR-192 with Bill of Exchange or other appropriate commercial paper.

10. THAT Respondent has dishonored Affiant's CAFV by not providing Proof of Claim(s) in respect to their Loan Contract, etc. This dishonor is now deemed a charge against the Respondent.

Further Affiant saith not.

Dated this ___22___ day of ___Nov___ 2005.

_____
Name – Affiant

## ACKNOWLEDGEMENT

As a Notary Public for said County and State, I do hereby certify that on this __22__ day of _____Nov_____ 2005, the above mentioned appeared before me and executed the foregoing. Witness my hand and seal:

_____ (seal)
Notary Public
My Commission expires ___7/15/06___

"OFFICIAL SEAL"
STACY ANN KENDRICK
NOTARY PUBLIC STATE OF ILLINOIS
COMMISSION EXPIRES 07/15/06

## AFFIDAVIT OF NEGATIVE AVERMENT

As of this date  Nov 22, 2005 the undersigned has not received a response to the undersigned's draft to Codillis & Associates, P.C., Attorneys for Plaintiff 15W030 North Frontage Road, Suite 100 Burr Ridge, Ill 60627 or any other agents.

## NOTARIAL PROTEST CERTIFICATE

1. The HOLDER IN DUE COURSE has recruited the notary public to present a previously refused or dishonored negotiable instrument.
2. The Notarized Document was serve to Codillis & Associates and or agents responsible for acceptance of the draft.
3. The Notarized Instrument was served on or about July 19, 2005.
4. The drawee has not responded to the original draft of July 19, 2005.  The drawee is in dishonor.

The above Affidavit is certified true, correct complete, and not misleading, under the penalty of Perjury.

By: _Tory  Moore_  _Fredericka Moore_ all rights reserved without prejudice, Torrez & Fredericka Moore Affiant in his Private Capacity and Holder in Due Course.

STATE OF Illinois

COUNTY OF  Cook

On this day _Nov. 22_, 2005 before me, a Notary Public, personally appeared _Torrez & Fredericka Moore_ personally know to me as living soul whose name is subscribed to this instrument and acknowledged that he executed the same.

_____
Notary

(Seal)



"OFFICIAL SEAL"
STACY ANN KENDRICK
COMMISSION EXPIRES 07/15/06

## CONSTRUCTIVE NOTICE OF OBJECTIONS

1. That this statement is made of personal knowledge unless otherwise;

2. That I reserve the right to stand on this lawful and legal document and other lawful and legal documents of Torrez and Fredericka Moore, as answer to all inquiry related to the above captioned case.

## FRCP 12(b)(6) – FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED

3. That the Plaintiffs have failed to prove a claim against us, and have failed to state a claim upon which relief can be granted under FRCP 12(b)(6). That I have prior to this Constructive Notice of Objections, on the record, challenged and denied the Plaintiff, Plaintiff's attorney and this court's subject matter jurisdiction, in a Verified Complaint as well in other legal and lawful documents related to this matter, and verbally in court, and the Plaintiff, Plaintiff's attorney, and this court have failed to prove subject matter jurisdiction.

4. "… The United Stated Government is a Foreign corporation with respect to a state." NY re: Merriam 36 N.E. 505 1441, S. CL 1973. 41 L Ed. 281

5. The Federal Reserve Bank is a foreign, private corporation which issues private commercial paper in the form of federal reserve notes.

6. Torrez Moore, asserts where private corporate commercial paper is concerned, the Clearfield Doctrine "THE CLEARFIELD TRUST CO. (318 U.S. 363-371)" holds that "An entity cannot compel performance upon it's corporate statutes or corporate rules unless it's like and other corporation, is the "holder in due course" of some contract or commercial agreement between it and the one on whom it demands for performance are made, and is willing to produce said original document", "and place the same into evidence before trying to enforce it's demands, "Plaintiff, CHASE HOME FINANCE LLC has no contracts"

7. That Affiant sets forth for this Court, that Torrez and Fredericka Moore at law and in fact, has provided the Plaintiff with a lawful offer of performance to prove that a debt exists, that the Plaintiff is in fact and at law the "holder in due course" and that the Plaintiff is not in violation of 12 CFR 226. The Plaintiff has failed to prove such, which constitutes a Confession Judgment. Affiant asserts that the Plaintiff has failed to prove that it has a bona fide claim or prima facie case against Torrez and Fredericka Moore, and Affiants asserts that the Plaintiff has in fact at law confessed to violation of Title 18 USC 1581, 241, 242, 15 USC 1692, the Privacy act of 1974, amended 12 USC 3401, the Right to Financial Privacy Act of 1978 5 USC 552(a). and the Third Party Summons Act 26 USC 7609.

8. Therefore the Plaintiff has failed to state a claim at law for which relief can be granted.

9. Plaintiff bears the burden or proof of their purported claim and has failed to provide a lawful basis for a cause of action or a lawful basis for Plaintiff to be entitled to judgment as a matter of law. See: Fed R. Evid 901 (a) most established authenticity of records by providing " evidence sufficient to support a finding that the matter in question is what its proponent claims. Affiant, declares that the Plaintiff shall produce an authentic bona fide document with an original signature that Affiant produced, as evidence of a verified complaint, for without such, the record shows no cause of action at law and this court has no jurisdiction to proceed against the Defendant. Affiant asserts that if this court proceeds against the private individual Torrez Moore, such would prejudice the defendant and deny the defendant substantive and procedural due process of law. Therefore, this Court at law should dismiss the above captioned case immediately and with prejudice.

10. **NO PRESUMPTION OF JURISDICTION**

11. Affiant, further declares that the Plaintiff and Plaintiff's attorneys bear the burden of proof of subject matter jurisdiction in this Court which is governed by the rules of limited jurisdiction. Under the current 1970 Illinois Constitution, all courts have general jurisdiction: however in any proceeding based on an Illinois statue ( whether, divorce, adoption, paternity, juvenile, probate, traffic, Illinois Appellate Courts, Federal Courts, Bankruptcy Court, etc., i.e., in any statutory proceeding), the court immediately loses its general jurisdiction powers and becomes a court governed by the rules of limited jurisdiction. Because this is a statutory proceeding, this Court is proceeding on an Illinois statue, 735, Section 15, 15-1101 et seq., it is governed by the rules of limited jurisdiction.

12. Affiant asserts <u>Title 5 U.S.CODE section 556(d) which states:</u>

    (d) Except as otherwise provided by statue, <u>the proponent of a rule or order has the burden of proof</u>

13. While in a court of general jurisdiction, there is a presumption that the judge has subject-matter jurisdiction, such is not the case in courts of limited jurisdiction. In all courts of limited jurisdiction, there is no presumption of subject-matter jurisdiction. In all courts of limited jurisdiction, the record of the case must support any claim of subject-matter jurisdiction. " If subject-matter jurisdiction does not appear from the record of the case, the presiding judge is acting without subject-matter jurisdiction and his/her orders are void, of no legal force or effect." **State Bank of Lake Zurich v. Thill,** 113 Ill.2d 294, 497 N.E.2d 1156 (1986).

14. A judge should not proceed in any action in which the judge does not have subject-matter jurisdiction, since he/she has no lawful authority to act. The law places the duty and the burden upon the plaintiff/petitioner.

15. Affiant, sets forth that, in a court of limited jurisdiction, whenever a party denies that the court has subject matter jurisdiction, it becomes the duty and the burden of the party claiming that the court has subject-matter jurisdiction to provide evidence from the record of the case that the court holds subject-matter jurisdiction. **Bindell v. City of Harvey,** 212 Ill.App.3d 1042, 571 N.E. 2d 1017 (1st Dist. 1991) ("the burden of proving jurisdiction rests upon the party asserting it.");

16. Affiant asserts, **Loos v. American Energy Savers, Inc.**, 168 ILL.App.3d 558, 522 N.E.2d 841 (1988) ( "Where jurisdiction is contested, the burden of establishing it rests upon the plaintiff."). Until the plaintiff/petitioner submits uncontroverted evidence of subject-matter jurisdiction to the court that the court has subject-matter-jurisdiction, the court is proceeding without subject-matter jurisdiction. Affiant , affirms that the Plaintiff, Chase Home Finance, by and through it's attorneys Codilis & Associates, P.C. bear the burden of submitting uncontroverted evidence of subject-matter jurisdiction to be entered on the record of the court, otherwise this Court is proceeding without subject matter jurisdiction.

17. Should the plaintiff/petitioner not provide uncontroverted evidence of subject-matter jurisdiction, all orders or judgments issued by the judge are void ab initio. Judges should not proceed in any action in which the judge does not have subject-matter jurisdiction, since he/she has no lawful authority to act. The law places the duty and the burden upon the plaintiff/petitioner.

18. Affiant, asserts that, ("In determining whether a lack of jurisdiction is apparent from the record, we must look to the whole record, which includes the pleadings, the return on the process, the verdict of the jury, and the judgment of decree of the court."); **Wabash Area Development, Inc. v. Ind. Com.,** 88 Ill.2d 392 (1981) ("that compliance with the statutory requirements for the issuance of the writ must affirmatively appear in the record."); **I.C.R.R. Co. v. Hasenwinkle,** 232 Ill. 224, 227 (1908) ("The law presumes nothing in favor of the jurisdiction of a court exercising special statutory powers, such as those given by statute under which the court acted, (Chicago and Northwestern Railway Co. v. Galt, 133 Ill. 657), and the record must affirmatively show the facts necessary to give jurisdiction.

19. Affiant, sets forth that, All orders of judgment issued by a judge in a court of limited jurisdiction must contain the findings of the court showing that the court has subject matter jurisdiction, not allegations that the court has jurisdiction. **In**

re Jenning, 68 Ill.2d 125, 368 N.E.2d 864 (1977) ("in a special statutory proceeding an order must contain the jurisdictional findings prescribed by statute.")

20. ("A court in the exercise of special statutory jurisdiction is limited in its powers by the language of the act conferring such jurisdiction."); **In Interest of Rami M.**, 285 Ill.App.3d 267, 673 N.E.2d 358 (1ˢᵗ Dist. 1996) (" In cases where the court is conferred power to adjudicate by virtue of a statute, the court's jurisdiction is strictly limited by the statute.").

21. Affiant, asserts, **In Interest of M.V.**, 288 Ill.App.3d 300, 681 N.E.2d 532 (1ˢᵗ Dist. 1997) ("Where a court's power to act is controlled by statute, the court is governed by the rules of limited jurisdiction, and courts exercising jurisdiction over such matters must proceed within the strictures of the statute.")

22. Affiant, asserts, that, "[T]he authority of the court to make any order must be found in the statute". **Levy v. Industrial Comm'n** (1931), 346 Ill. 49, 51, 178 N.E. 370, 371.");

23. Affiant, asserts Midland Coal Co. v. Knox County, 268 Ill.App.3d 485, 644 N.E.2d 796 (4ᵗʰ Dist 1994) ("Special statutory jurisdiction is limited to the language of the act conferring it, and the court has no powers from any other source.)" ...

24. That throughout history, and in The Constitution for the State of Illinois at Article 4, § 11, makes it mandatory that an enacting clause must be on the face of all valid law. To wit: (a) The enacting clause of the laws of this State shall be: "Be it enacted by the People of the State of Illinois, represented in the General Assembly."

25. That the purpose of thus prescribing an enacting clause – "the style of the acts" – is to establish it; to give it permanence, uniformity, and certainty; to identify the act of legislation as of the general assembly; to afford evidence of its legislative statutory nature; and to secure uniformity of identification, and thus prevent inadvertence, possibly mistake and fraud, *State v. Patterson*, 4 S.E. 350, 352, 98 N.C. 660 (1887); 82 C.J.S. "Statutes, "§ 65, p. 104; *Joiner v. State*, 155 S.E.2d 8, 10 223 Ga. 367 (1967).

26. "That the almost unbroken custom of centuries has been to preface laws with a statement in some form declaring the enacting authority. The purpose of and enacting clause of a statute is to identify it as an act of legislation by expressing on its face the authority behind the act." 73 Am. Jur.2d, "Statutes," § 93, p. 319, 320; *Preckel v. Byrne*, 243 N.W. 823, 826, 62 N.D. 356 (1932).

27. That for an enacting clause to appear on the face of a law, it must be recorded or published with the law so that the People can readily identify the authority for that particular law.

28. That "It is necessary that every law should show on its face the authority by which it is adopted and promulgated, and that it should clearly appear that it is intended by the legislative power that enacts if that it should take effect as a law." *People v. Dettenthaler*, 77 N.W. 450, 451, 118 Mich. 595 (1898); citing *Swann v. Buck*, 40 Miss. 270.

29. That the Plaintiff, CHASE HOME FINANCE, LLC successor by merger of CHASE MANHATTAN MORTGAGE CORPORATION, by and through it's attorneys in this case, in a court of limited jurisdiction, lack power to act and have proceeded beyond the strictures of the statutes, and that the statutes being applied by the Plaintiff by and through it's attorneys, are created from what authority in law they exist, where they fail to show on their face, the mandatory enacting clause. Said revised statutes and codes fail to show a necessary and mandatory enacting clause on their face, giving them lawful force and effect. Said revised statues and codes are private codes and statutes and are not law, so not compel me to perform and do not apply to me, and fail to show "authority for the court to make any order." *Levy v. Industrial Comm'n* Ibid, *Midland Coal Co. v. Knox County*, Ibid.

30. Affiant, affirms that in the whole record of proceedings in this court limited jurisdiction, there is a lack of "uncontroverted" competent proof of subject matter jurisdiction and person am jurisdiction and that CHASE MANATTAN MORTGAGE CORPORATION., CODILIS & ASSOCIATES, P.C., should not proceed to act where they have no authority given by statute under which the court is attempting to act. *Chicago and Northwestern Railway Co. v. Galt*, Ibid.

31. The record of this captioned case does "not provide uncontroverted evidence of subject-matter jurisdiction", and "all orders or judgments issued, "are void ab initio." *Loos v. American Energy Savers, Inc.* Ibid

32. Affiant, affirms that the Plaintiff, CHASE HOME FINANCE, LLC CORPORATION, by and through it's attorneys Codilis & Associates, fail to meet the burden of proof as required by law.

33. Therefore, Affiants Torrez and Fredericka Moore, demands at Law, that this matter be immediately dismissed with prejudice.

## TRESPASSERS OF THE LAW AND MANDATORY JUDICIAL NOTICE

34. Should the judge not have subject-matter jurisdiction, then the law states that the judges has not only violated the law, but is also a trespasser of the law. **Von**

**Kettler et.al. v. Johnson**, 57 Ill. 109 (1870) ("if the magistrate has not such jurisdiction, then he and those who advise and act with him, or execute his process, are trespassers.");**Elliott v. Peirsol,** 1 Pet. 328, 340, 26 U.S. 328, 340 (1828) ("without authority, its judgments and orders are regarded as nullities. They are not voidable, but simply void; and form no bar to a recovery sought, even prior to a reversal in opposition to them. They constitute no justification; and all persons concerned in executing such judgments or sentences, are considered, in law, as trespassers. This distinction runs through all the cases on the subject; and it proves, that the jurisdiction of any court exercising authority over a subject, may be inquired into in every court, when the proceedings of the former are relied on and brought before the latter, by the party claiming the benefit of such proceedings.")

35. In re TIP-PA-HANS Enterprises, Inc., 27 B.R. 780, 783 (1983) ( a judge "lacks jurisdiction in a particular case until it has been demonstrated that jurisdiction over the subject matter exists") (when a judges acts "outside the limits of his jurisdiction, he becomes a trespasser ...".)("...Courts have held that where courts of special or limited jurisdiction exceed their rightful powers, the whole proceeding is coram non judice ..."). **Trespasser** is defined in Black's Law Dictionary (6th Edition) as one who has committed unlawful interference with one's person, property, or rights. Is the judge who acts without subject-matter jurisdiction then anything but a common criminal? And all orders and judgments issued by a judge who acts without subject-matter jurisdiction are, as a matter of law, **void.**

36. Affiant, asserts that Chase Home Finance, LLC successor by merger to Chase Manhattan Mortgage Corporation, by and through it's attorney Codliss & Associates, P.C. are in fact, at law, Trespassers. Affiant, asserts that these individuals have acted without subject matter jurisdiction and committed unlawful interference with Torrez & Fredericka Moore's person, property and rights. Affiant, asserts that all orders and judgments issued by these individuals are as a matter of law, are **void.**

37. Affiant, sets forth, the Court in **Yates v. Village of Hoffman Estates, Illinois,** 209 F.Supp.757 (N.D. Ill. 1962) held that 'not every action by a judge is in exercise of his judicial function...it is not a judicial function for a judge to commit an intentional tort even though the tort occurs in the courthouse" .

38. Affiant, sets forth , The U.S. Supreme Court, in Scheuer v. Rhodes, 416 U.S. 232, 94 S. Ct. 1683, 1687 ( 1974 ) stated that " when a state officer acts under a state law in a manner violative of the Federal constitution, he " comes into conflict with the superior authority of that constitution, and he is in that case stripped of his official or representative character and is subjected in his person

to the consequence of his individual conduct. The State has no power to impart to him any immunity from responsibility to the supreme authority of the United States" By law, a judge is a state officer. The judge then acts not as a judge but as a private individual ( in his private person).

39. Affiant, asserts that, at law the Plaintiff through it's attorney Codliss & Associates, P.C. and Lewis M. Nixon in this case have acted without subject matter jurisdiction, have acted contrary to the Constitution, have denied the accused, Torrez & Fredericka Moore due process of law, and all Lewis M. Nixon's judgments and orders are void as a matter of law, and Lewis M. Nixon, and Codliss & Associates, P.C., have acted as trespassers and are stripped of their official or representative character, have no immunities and have acted as a private individuals. **Von Kettler et,al, v. Johnson Ibid**.

## VIOLATION OF OATH OF OFFICE

40. Affiant, asserts that the Constitution, established by We the People, for the United States of America, at Article VI, C1.2 and C1.3 , states as follows:  C1.2 : " This constitution, and the Laws of the United States which shall be made in pursuance thereof: and all Treaties made, or which shall be made, under the Authority of the United States, shall be the supreme Law of the Land: and the Judges in every State shall be bound thereby, any Thing in the Constitution or laws of any State to the contrary notwithstanding."

C1.3 " The Senators and Representatives before mentioned, and the Members of the several State Legislatures, and all executive and judicial Officers, both the United States and of the several States, shall be bound by Oath or Affirmation, to support this constitution: ..

41. Every member of a State Legislature, and every executive and judicial officer of a State, shall, before he proceeds to execute the duties of this office, take an oath in the following form, to wit: " I, AB, do solemnly swear that I will support the constitution of the United States" (July 30, 1947, ch 389  61 Stat .643).

42. A judge must take a second oath of office under 705 ILCS 35/2, which states, in part, that "The several judges of the circuit courts of this State, before entering upon the duties of their office, shall take and subscribe the following oath or affirmation, which shall be filed in the office of the Secretary of State: I_____, do solemnly swear ( or affirm, as the case may be), that I will support the constitution of the United States and the constitution of the state of Illinois, and that I will faith fully discharge the duties of judge of _____ court according the best of my ability."

43. The Judge is required to take the oath of office, BEFORE he enters in upon the duties of his office; he has taken the oath as a "private citizen" and has entered into a private contract, with the government. If he breaches that contract, the government as the principle may enforce the contract by and through the Attorney General 's Office or, if the attorney General's Office will not enforce the contract, the citizen (as the beneficiary) may enforce the contract by *Quo Warranto.*

44. Therefore, based on all of the above points and authorities in law, this court is proceeding without " uncontroverted " proof of subject matter jurisdiction, and fails to procure subject matter jurisdiction in this matter. Torrez & Fredericka Moore, as the accused demands at law, the Plaintiff's attorneys, as officers of the court, purported licenses be entered in the record, and Lewis M. Nixon, acting as judge, Oath of Office be entered into the record before proceeding in any manner, and that this case without such lawful evidence, should be immediately, and instantly dismissed with prejudice.

## BREIFS IN SUPPORT

TITLE 5 U.S. CODE section 556(d), except as otherwise provided by statue, the proponent of a rule or order has the burden of proof. Any oral or documentary evidence may be received, but the agency as a matter of policy shall provide for the exclusion of irrelevant, immaterial, or unduly repetitious evidence. A sanction may not be imposed or rule or order issued except on consideration of the whole record or those parts thereof cited by a party and supported by and in accordance with the reliable, probative, and substantial evidence. The agency may, to the extent consistent with the interests of justice and the policy of the underlying statues administered by the agency, consider a violation of section 557(d), of these title sufficient grounds for a decision adverse to a party who had violation to occur. A party is entitled to present his case or defense by oral or documentary evidence, to submit rebuttal evidence, and to conduct such cross-examination as may be required for a full and true disclosure of the facts. In rule making of determining claims for money or benefits or application for initial licenses an agency may, when a party will not be prejudiced thereby, adopt procedures for the submission of all part of the evidence in written form."

The law requires PROOF OF JURISDICTION to appear on the record of the administrative proceedings. "*Hagans v. Lavine*, 415 U.S. 533."

The Illinois Supreme Court held that if a court "could not here the matter upon the jurisdictional paper presented, its findings that it had the power can add nothing to its authority – it had no authority to make that finding. *The People v. Brewer*, 128, Ill, 472, 483 (1928)

Jurisdiction is essential to have validity to the determination of administrative agencies and where jurisdictional requirements are not satisfied, the action of the agency is nullity… *"City Street Improve Co.* v. *Pearson,* 181C 640, 185 P. 962. *Oneill v. Dept.* of *Professional & Vocational Standards* 7 CA 2d 393, 46 P2d 234.

Courts without authority constitute no justification "All persons executing such Judgment or sentences are considered in law trespasser *Elliot v. Piersol,* 1 Pet, 328, 340, 26 U.S. 328, 340 (1828).

The Illinois Supreme Court has held that "if the magistrate has not such jurisdiction, then he and those who advise and act with him, or execute his process, are trespasser" *Von Kettler* et. al. v. *Johnson 57 Ill. 109 (1870)*

Whenever a judge acts where he/she does not have jurisdiction to act, the judge is engaged in an act or acts of treason. *U.S.* v. *Will,* 449 U.S. 200, 216, 101 S. Ct. 471, 66 L. Ed. 2d 392, 406 (1980), *Cohens* v. *Virginia,* 19 U.S. (6 Wheat) 264, 404, 5 L. Ed. 257 (1821).

"… No man (or woman) in this country is so high that he is above the law, No officers of the law may set that law at defiance with impunity. All the officers of the government from the highest to the lowest, are creatures of the law, and are bound to obey it. *Butz v. Economo,* 98, S Ct. 2894 (1978); United States v. Lee, 106 U.S. at 220, 1 S. Ct. at 261 (1882).

Engaging in an act of treason against the United States Constitution by any citizen of the United States is an act of war against the United States. *Cooper v. Aaron,* 358 U.S. 1, 78 S. Ct. 1401 (1958).

These so-called OFFICERS OF THE LAW, all long schooled in the art and practice of Law, have willfully, maliciously, intentionally, and wantonly have clearly deliberately injured me and induced me to my injury or irreparable harm by a specie of misinformation, disinformation, or a SPECIE OF SILENCE, wherein they have used all manner of colorable. Now we give OUR CONSTRUCTIVE NOTICE OF OBJECTIONS to this arbitrary and capricious deliberate administrative abuse of process and also give OUR FORMAL NOTICE OF LIS PENDENS you are about to BE SUED!! I intend to sue for our injuries and name all parties involved for their unlawful or criminal deeds to injure us. Let all Parties take just notice of this fact!! Officialdom to make false and Fraudulent Claims and actions against me, personally or against my Lawfully owned property, which is a total violation of Law, see *U.S. vs. Prudden* 424 f2d 1021, and *U.S. vs. Tweel,* 550 F2d 297 AT 299-300, Which case held" silence can only be equated with Fraud when there is a legal and moral duty to speak the truth of when inquiry left unanswered would be intentionally misleading to the injury of the parties.

See Attachments: "(Commercial Affidavit)"

Sign: _____

Torrez Moore "All Rights Reserved"

_____

Fredericka Moore A.R.R. UCC 1-207

# COMMERCIAL AFIDAVIT

State of **Illinois** )
County of **Cook** )

To Respondent(s):

**CODILLIS & ASSOCIATES, P.C.**
**Attorneys for Plaintiff**
**15W030 North Frontage Road, Suite 100**
**Burr Ridge, IL 60527**

**Chase Home Finance, LLC successor by**
**Merger to Chase Manhattan Mortgage Corporation**

**Mr. Lewis M. Nixon**
**The Circuit Court of Cook County, Illinois**
**County Department – Chancery Division**

**RE: No. 05 CH 08783**

The Undersigned Affiant, **Torrez Moore** Secured Party, hereinafter "Affiant" does solemnly swear, declare and state as follows:

1. Affiant is competent to state to the matters set forth herein.
2. Affiant has personal knowledge of the facts stated herein.
3. All the facts stated herein are true, correct, and complete, admissible as evidence, and if called upon as witness, Affiant will testify to their veracity.

## Plain Statement of Facts

(See Attachments)

## Verification

4. The undersigned Affiant, (name), certifies on Affiant's commercial liability that Affiant has read this Affidavit and issues the same with intent and understanding of purpose and does solemnly swear, declare and state that the statements, allegations, demands and contents contained herein are true, correct, and complete, not misleading, the truth, the whole truth and nothing but the truth.

### NOTICE TO THE PRINCIPAL IS NOTICE TO THE AGENTS
### NOTICE TO THE AGENT IS NOTICE TO THE PRINCIPAL

YOU HAVE TEN (10) DAYS IN WHICH TO REBUT THIS AFFIDAVIT, FROM RECIEPT OF THIS CERTIFIED MAIL, UCC 1-204. A LACK OF RESPONSE ON YOUR PART MEAN YOU ASSENT TO THIS AFFICAVIT AND A FAULT, UCC1-201(16) EXISTS CREATING FRAUD THROUGH MATERIAL MISPRESENTATION WHICH VITIATES ALL FORMS, CONTRACTS, AGREEMENTS, ETC. EXPRESSED OR IMPLIED, FROM THE BEGINNING, UCC 1-103.

FURTHER AFFIANT SAITH NOT
Date:  November 21, 2005

Signed: _Torrez Moore_  _Frederick Moore_
**Torrez Moore, Secure Party**
**4711 S. Ingleside, Suite B**
**Chicago, IL 60617**

## BILL OF ATTAINER
(True Bill)

## UNITED STATES CODE
### TITLE 18. CRIMES AND CRIMINAL PROCEDURE

Dishonored instrument accepted for value HJR-192................$40,000,000.00

COERCION...............................................................$20,000.00

FRAUD...................................................................$35,000.00

DISCRIMINATION.......................................................$50,000.00

IMPEDING COMMERCE ................................................$25,000.00

SLANDER................................................................$75,000.00

CONSPIRACY........................................................... $35,000.00

LEGAL FEES............................................................$25,000.00

PUNITIVE DAMAGES..................................................$125,000.00

**TOTAL** ...............................................................**$323,000.00**

Subsections 1 or 4 of Section 3 of this 740 ILS 10/3..............................X3

**TOTAL**.................................................................**$969,000.00**

+**$40,000,000.00**

.................**$40,969,000.00**

The **DEFENDANTS** failed answer, rebut the Private Administrative Process/Truebill or to produce the documents requested pursuant to "Fair Play" "Good Faith" and the Public Records Law, therefore, NO documents exist to show or prove that there is a Federal Law or Statute that mandates employee/people like the Respondents to push it's customers around and cause or create injury and financial damages to them. And No documents exist that the DEFENDANTS HAVE A 'Delegation of Authority' as desi-gnated by its Director to do so. That there is NO evidence of a "Con-tract" which bears Claimants bona fide signatures that would create a security interest in Claimants labor, compen-sation or property in any account of the Claimant, and there is no 'Determination of Liability, 'supported by facts and evidence by DEFENDANTS, and that there in NO 'Proof of Claim' as applied to Claimant.

# AFFIDAVIT OF TRUTH

ILLINOIS STATE )
) SS.
County of Cook )

"Indeed, no more than (affidavits) is necessary to make the prima facie case." United States v. Kis, 658 F.2nd, 526, 536 (7th Cir. 1981); Cert Denied, 50 U.S. L.W. 2169; S. Ct. March 22, 1982

That I, **Torrez Moore**, a living breathing man, being first duly sworn, depose and say and declare by my signature that the following facts are true, correct and complete to the best of my knowledge and belief.

THAT, the Affiant is a flesh and blood man, and is sovereign in a collective capacity with other sovereigns.

THAT, the Affiant's rights "...existed by the law of the land long antecedent to the organization of the State." (Hale v. Henkel, 201 U.S. 43)

THAT, the Affiant's rights exist even in light of the U.S. Bankruptcy aka The National Emergency and that includes the right of redemption.

THAT, Affiant is 'of the people' and is above the corporate government called 'State of Illinois' / STATE OF ILLINOIS, operating in a de-facto bankrupt capacity/status.

THAT, Affiant filed a UCC Financing Statement (UCC-1) in Illinois State, UCC Filing Number **10344697** on (date) **November 7, 2005** to perfect a security interest to initiate redemption as a matter of right.

THAT, the Affiant is the Secured Party creditor and authorized representative of the corporate fiction-entity / Debtor (Ens legis) identified as **TORREZ MOORE**, under necessity.

THAT, Affiant caused to be filed, a Superior Security Interest and Lien upon the property of the Debtor and in the Debtor's name filed first in line and first in time, over and above the State of Illinois and that all property is exempt from levy.

THAT, the State of Illinois cannot show nor provide a superior interest in the said property as identified upon the Security Agreement held by the Affiant. (see for reference; Wynhammer v. People, NY 378).

THAT, Article 1, Section 12 of the Illinois State Constitution "Every person shall find a certain remedy in the laws for all injuries and wrongs which he receives to his person, privacy, property or reputation. He shall obtain justice by law, freely, completely and promptly".

THAT, Article 1, Section 20 of the Illinois State Constitution " To promote individual dignity, communications that portray criminality, depravity or lack of virtue in, or that incite violence, hatred, abuse or hostility toward, a person or group of persons by reason of or by reference to religious, racial, ethnic, national or regional affiliation are condemned.

THAT, the Affiant/Secured Party is flesh and blood and the corporate fiction/Debtor/Ens legis as appearing upon any UCC filing is 'artificial' and was created in the contemplation of law (commerce) AND THE TWO ARE NOT THE SAME, FOR ONE IS REAL, THE OTHER IS FICTION.

THAT, any discrimination or injury caused by the State of Illinois to recognize the two distinct entities, the one real and the other artificial agrees to such injuries and to the associated damages as established by the Affiant and the State, by and through it's agents by said agreement, is estopped from defense or rebuttal in the matter and agrees that the Affiant may proceed by Tort for damages.

THAT, this Affidavit if not rebutted point for point by any man, representing the State of Illinois at any level, in any matter, at any time within 7 days upon receipt, these facts stand as true in the both the private and public record... as true.

NOTE; Maxim of Law; 1. In Commerce – Truth is sovereign. 2. For a matter to be resolved, it must be expressed. Point of Law – Silence equates to agreement.

Further Affiant Sayth Not.

Done this _31d_ day of November 2005 A.D.

_Torrez Moore_ - Affiant

ACKNOWLEDGEMENT

SUBCRIBED TO AND SWORN before me this _31_ day of _Nov._ _2005_, A.D. 2005, a Notary, that _Torez Moore_, personally appeared and known to me to be the man whose name subscribed to the within instrument and acknowledged to be the same.

_____ (Seal)
Notary Public in and for said State
My Commission expires; _11/27/09_

OFFICIAL SEAL
MAXWELL A FISHER
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES:11/27/09